SHORES, Justice.
Welton Shelton filed this action against Winfield Moon, Sr. (Moon, Sr.), and Win-field Moon, Jr. (Moon, Jr.), to collect on two promissory notes made payable to him. The notes allegedly were given to Shelton by Moon, Sr., individually, and on behalf of Moon, Jr., as consideration for a coal mining option. One note was for $150,000.00, of which $97,000.00 had been paid to Shelton, leaving a balance of $53,000.00. Judgment was entered in favor of Shelton on this note. This judgment is not in question.
The second note was for the amount of $250,000.00. The trial court found that the Moons were not liable to Shelton on this note and entered judgment accordingly. Shelton appeals. We affirm.
The note in question was produced at trial by Shelton and admitted into evidence. On its back was the following assignment:
“For value received, the undersigned holder, Welton Shelton, does hereby transfer, sell, assign, convey and grant unto William H. Lackey, all my right, title and interest in and to the proceeds of the note described on the reverse side hereof.
“Done this the 25th day of August, 1976.
“/s/ Welton Shelton”
The trial court found that:
“There is no evidence of any reassignment of this note to Shelton from William H. Lackey in writing. There was some statement to the effect that the note had been reassigned to Shelton, but nothing that would reasonably satisfy this Court of its reassignment.”
A “release” signed by Lackey and alleged to be evidence of the reassignment of the note to Shelton was offered as evidence by Shelton. The trial court refused to admit it on the grounds that an improper predicate had been laid. Shelton claims error in this ruling. We disagree.
On cross examination, Shelton stated that the note had been reassigned to him by Lackey and that he had documentation of this. On redirect, he identified a document as “a release from Lackey.” There was no testimony showing that this “release” was, in fact, the reassignment of the note from Lackey to Shelton. The “release” was not identified as a reassignment of the note, and a careful reading of the record does not show what it was. There was some evidence that Lackey had sued the Moons on both notes and that that case had been *1051 settled. The “release” could have related to that. The record, as noted by the trial judge, was devoid of any evidence that the note had been reassigned to Shelton. The trial court’s findings will not be disturbed.
In light of the above holding that Shelton was not entitled to receive payment on the note from the Moons because he was unable to prove ownership of the note, it is unnecessary to address the other issues raised.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.